# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN IVY, | ) |
| Petitioner, | ) |
| v. | ) No. 2:13-cv-224-WTL-WGH |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of John Ivy for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

### I. Nature of the Case

Ivy seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Ivy is confined at a state prison in Indiana. The respondent is Ivy's custodian, sued in his official capacity as a representative of the State of Indiana.

### III. Procedural Background

Ivy was convicted in a state court of murder. His conviction was affirmed on appeal in *Ivy v. State*, 715 N.E.2d 408, 410 (Ind. 1999)(*Ivy*). The trial court's denial of Ivy's petition for post-conviction relief was affirmed on appeal in *Ivy v. State*, 985 N.E.2d 80 (Ind.Ct.App. March 12, 2013)(Table)(*Ivy II*). The filing of this action followed. The record has been appropriately expanded.

## IV. Statement of Facts

It is noted in *Jones v. Butler,* 2015 WL 430436, at *1 (7th Cir. February 3, 2015), that "[i]n § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)).

An Indiana jury rejected Ivy's alibi defense and found Ivy guilty of the November 21, 1996 murder of King David Preston in the Muncie apartment of Michael Horton. The day before Preston's murder, Ivy, Antione Barber and a third man had been robbed at gunpoint by Preston and three other men. Crediting the evidence believed by the jury—meaning the evidence most favorable to the prosecution, *Jackson v. Virginia,* 443 U.S. 307, 326 (1979)("a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution")--the robbery occurred at the apartment of Tanisha Love, Ivy's car keys had been taken during the robbery, Donica Hall arrived at Love's apartment as several men ran out of the apartment, a police report was made concerning the robbery, and Hall drove Ivy, Barber, and the third man who had been robbed to their hometown of Dayton, Ohio. Hall then drove Ivy and Barber back to Muncie, arriving at Love's apartment at approximately 4 a.m. on November 21, 1996. Ivy and Barber were seen entering Horton's apartment building at approximately 8 p.m. At that time, Preston was at Horton's apartment. Horton answered a knock at his door, saw Ivy and Barber in the hallway, and fled to the apartment across the hall to call 911. Horton heard four or five gunshots, followed by steps retreating down the stairs. Horton return to his apartment and found Preston bleeding on the floor. A few days after Preston's murder, Ivy made an inculpatory

statement to Jimmy Powell, the man who had seen Ivy and Barber entering Horton's apartment building on the evening of November 21, 1996.

Ivy and Barber were charged with Preston's murder. In separate trials, each was found guilty. Ivy was sentenced on August 13, 1998, to an executed term of 65 years.

### V. Ivy's Claims

Ivy seeks habeas corpus relief based on the following claims:

1) the Indiana Supreme Court's finding that the trial court committed no error in giving an accomplice liability instruction to the jury that did not include a statement of reasonable doubt was contrary to clearly established federal law as established by the Supreme Court of the United States;

2) the Indiana Court of Appeals' finding that Ivy was not denied the effective assistance of counsel by his attorney's failure to call all available alibi witnesses was contrary to clearly established federal law as established by the Supreme Court of the United States;

3) the Indiana Court of Appeals' finding that Ivy was not denied the effective assistance of counsel by his attorney's failure to object to testimony as to Ivy's prior bad acts after Ivy's motion in limine had been granted was contrary to clearly established federal law as established by the Supreme Court of the United States;

4) the Indiana Court of Appeals' finding that the trial court did not commit error in holding that Ivy waived his claim of ineffective assistance of counsel and prosecutorial misconduct was contrary to clearly established federal law as established by the Supreme Court of the United States; and

5) the Indiana Court of Appeals' decision that the trial court did not commit error in the post-conviction relief proceeding when it found that Ivy waived error as to newly discovered evidence was contrary to clearly established law as established by the Supreme Court of the United States.

### VI. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

Ivy filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh*

*v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA provides that if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision was "contrary to" or an "unreasonable application of" federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or if the state court's determination of the facts was unreasonable in light of the evidence presented. *See id.* at § 2254(d)(2). *Etherly v. Davis,* 619 F.3d 654, 661 (7th Cir. 2010). As to such claims, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). Ivy is quite explicit as to his contentions: In each instance, as to each habeas claim, he argues that the decision of the Indiana state court was contrary to clearly established federal law as established by the Supreme Court of the United States. Often in habeas litigation the argument presented is whether the state courts' decision was an "unreasonable application of" federal law as determined by the Supreme Court of the United States, *Lesko v. Wetzel*, No. CIV.A. 11-1049, 2015 WL 249502, at *33 (W.D.Pa. Jan. 20, 2015), but that is not the prong of § 2254(d)(1) relied on by Ivy in this case.

The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw,* 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002)); *see also Ramdass v. Angelone,* 530 U.S. 156, 165–66 (2000) (decision is contrary to "clearly established federal law if it applies a legal rule that contradicts" the "prior holdings" of the Supreme Court or "reaches a different result from" a Supreme Court case "despite confronting indistinguishable facts"). "Thus, the 'contrary to' prong requires a direct

and irreconcilable conflict with Supreme Court precedent." *Murray v. Schriro,* 745 F.3d 984, 997 (9th Cir. 2014). The following example is a useful guide:

> [T]o prevail in his principal claim under the "contrary to" prong of § 2254(d)(1), he must identify a decision in which the United States Supreme Court has held that statements made by, or information learned from, a person in a custodial setting, represented by counsel, could not thereafter be used by prosecuting authorities, even though neither the person's attorneys nor the interrogating officers had informed the person of the right to have counsel present before the interrogation progressed. Because Sweeney has not identified such a decision, he cannot prevail under the "contrary to" prong, of § 2254(d)(1).

*Sweeney v. Carter*, No. NA 00-72-C-B/S, 2001 WL 1800934, at *4 (S.D. Ind. Feb. 27, 2001) aff'd, 361 F.3d 327 (7th Cir. 2004).

## VII. Discussion

### A. Jury Instruction Regarding Accomplice Liability

The State could adduce no proof as to whether it was Ivy or Barber who fired the fatal shots at Preston. Accordingly, the State proceeded at trial against Ivy on the theory of accomplice liability. Ivy claimed in his direct appeal, and repeats the claim here, that the trial court erred in giving an accomplice liability instruction to the jury that did not include a statement of reasonable doubt.

The Indiana Supreme Court rejected Ivy's argument, noting first that Instruction Number 7 was not a misstatement of the law, consisting of a verbatim recitation of the pertinent statute, IND.CODE § 35–41–2–4, and then:

> The jury was specifically instructed to "consider all of the instructions in construing any single instruction" by final instruction three. Moreover, the jury was thoroughly instructed on the State's burden of proof beyond a reasonable doubt, both by the instructions described above and by the instruction on murder which stated: "[i]f the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of murder, a felony." Finally, instruction number fourteen made clear that "[t]he government has the burden of proving the defendant guilty beyond a reasonable doubt." We conclude that instruction seven, when read together with

the other instructions, did not mislead the jury as to the State's burden of proof. *See Hartman v. State,* 669 N.E.2d 959, 963 (Ind. 1996) (aiding instruction that did not include statement on reasonable doubt did not shift burden of proof away from the State).

*Ivy,* 715 N.E.2d at 410. And finally, "in light of the three other instructions that specified not only the State's burden of proof of "each essential element of the crime charged" beyond a reasonable doubt, but also required "proving the defendant guilty" by the same standard, we cannot conclude that the trial court abused its discretion in giving instruction seven." *Id.*

"It is well-established that a 'single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" *Benefiel v. Davis*, 357 F.3d 655, 662 (7th Cir. 2004)(citing cases). That is precisely what the Indiana Supreme Court did in *Ivy,* and in doing so did not apply a legal rule that contradicts the prior holdings of the Supreme Court or reach a different result from a Supreme Court case despite confronting indistinguishable facts. Ivy has therefore failed to meet his burden of showing that the Indiana Supreme Court's resolution of the accomplice jury instruction claim in his direct appeal was "contrary to" clearly established Federal law, as determined by the Supreme Court of the United States.

### B. Ineffective Assistance of Counsel

*Controlling Law.* Ivy claims that he was denied the effective assistance of counsel at trial.

The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). *Strickland v. Washington,* 466 U.S. 668 (1984), provides the clearly established Federal law, as determined by the Supreme Court of the United States that governs Ivy's ineffective assistance of counsel claim.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney

who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted).

*Strickland's Application under AEDPA.* The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of the claim that Ivy presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

*Failure to Call all Potential Alibi Witnesses.* The Indiana Court of Appeals properly recognized the two-prong *Strickland* test. *Ivy II,* at *3. The United States Constitution does not require counsel to call every witness identified by his client. *United States v. Balzano,* 916 F.2d 1273, 1294 (7th Cir. 2001). "In the case of an uncalled witness . . . at the very least the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial." *Wright v. Gramley,* 125 F.3d 1038, 1044 (7th Cir. 1997). The Indiana Court of Appeals recognized these factors, recognized that the failure to call witnesses warrants consideration of how witnesses' testimony might have affected outcome, *Mosley v. Atchison,* 689 F.3d 838, 851-52 (7th Cir. 2012); *Thompkins v. Pfister,* 698 F.3d 976, 987 (7th Cir.

2012); *United States v. Farr,* 297 F.3d 651, 658–59 (7th Cir. 2002), and recognized from the testimony adduced at the post-conviction hearing that there were "inconsistencies across all alibi witnesses' stories and other potentially problematic issues with the witnesses." *Ivy II,* at *4. No decision of the United States Supreme Court dictated a conclusion contrary to that reached by the Indiana Court of Appeals. *See, e.g, Johnson v. Beckstrom,* No. 6:08–194–ART, 2011 WL 1808334 (E.D.Ky. May 12, 2011).

*Failure to Object to Evidence of Prior Bad Acts.* Ivy argues that his counsel should have objected to Love's testimony that when Ivy and Barber returned to her apartment in the early morning hours of November 21st, Ivy struck her with a handgun and stated they had been robbed of cocaine. The Indiana Court of Appeals considered this claim and explained that Ivy had suffered no prejudice from the admission of the specified testimony. The absence of prejudice in the sense required by *Strickland* is shown by the "ample evidence to support [Ivy's] conviction for murder, including the testimony of two witnesses who stated they saw Ivy at the scene of the murder holding a handgun." *Ivy II*. At *5. Ivy has failed to identify any contrary decision by the United States Supreme Court on a set of materially indistinguishable facts.

*Finding of Waiver.* Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992). The Indiana Court of Appeals applied this line of authority in *Ivy II* in holding that Ivy's claim of prosecutorial misconduct at trial had been waived. *Ivy II,* at *3. Although Ivy contends that this holding

was contrary to decisions by the United States Supreme Court, he fails to support that position with authority or reasoning.

Ivy also argues in connection with this claim that the manner in which the Indiana Court of Appeals reviewed the trial court's finding of waiver of his claim of ineffective assistance of counsel pertaining to the asserted prosecutorial misconduct is contrary to decisions of the United States Supreme Court. This contention is baseless because he cites no such authority and because the Indiana Court of Appeals found that this specification of ineffective assistance of counsel "is allowed on post-conviction." *Ivy II,* at *3. Ivy describes the holding of the Indiana Court of Appeals in *Ivy II* as being that the trial court did not commit error in finding this ineffective assistance of counsel specification waived, but the opposite is true. Asserting error in this aspect of *Ivy II* is contrary to Ivy's generalized position that he is entitled to federal habeas relief.

Ivy's final claim is that the Indiana Court of Appeals' decision that the trial court did not commit error in the post-conviction proceeding in its finding that Ivy had waived error as to newly discovered evidence was contrary to clearly established law as established by the Supreme Court of the United States. As with the previous claim, Ivy has his signals crossed because the Indiana Court of Appeals found that the trial court had committed error in finding this claim waived.

The procedural default doctrine is a "corollary to the habeas statute's exhaustion requirement," *Dretke v. Haley,* 541 U.S. 386, 392 (2004), and is based on the principle that, before a federal court intervenes, the state's highest court should be given an opportunity to address a petitioner's federal constitutional claims. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 732

(1991)("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Consequently, the Supreme Court has held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.

As was noted in a similar case, because IVY "has identified no Supreme Court precedent the courts of the State of Wisconsin may have applied unreasonably in permitting the admission of prior bad act evidence against him, relief must be denied as to the claim." *Hammer v. Karlen*, 342 F.3d 807, 811 (7th Cir. 2003).

## VIII. Conclusion

"[T]he purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Greene v. Fisher,* 132 S. Ct. 38, 44–45 (2011). Ivy's habeas claims do not warrant habeas relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013)(internal quotation marks omitted). Ivy's habeas petition fails to satisfy this high standard and that petition is therefore **denied.**

Judgment consistent with this Entry shall now issue.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Ivy has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right."*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appeal.

IT IS SO ORDERED.

Date: 2/26/15

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

John Ivy
No. 983575
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only